UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN DONOVAN,

                Petitioner,

v.                                       **DECISION AND ORDER**
                                                  05-CR-194S

UNITED STATES OF AMERICA,            07-CV-253S

                Respondent.

## I.  INTRODUCTION

Presently before this Court is pro se Petitioner John Donovan's Motion to Correct his Sentence pursuant to 28 U.S.C. § 2255.  For the reasons discussed below, Petitioner's Motion is denied.

## II.  BACKGROUND

On March 7, 2006, Petitioner appeared before this Court, executed a Waiver of Indictment, and pled guilty to a one-count Indictment charging him with possession with intent to distribute a mixture or substance containing marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c).  That charge carried a possible maximum sentence of 20 years imprisonment, a $1,000,000 fine, or both.  (Docket No. 24, ¶ 1).

Under the terms of the plea agreement, Petitioner and the Government agreed that the total offense level, including a reduction for Petitioner's acceptance of responsibility, was 17, and that Petitioner's criminal history category was II, which resulted in a Guidelines sentencing range of 27 to 33 months, a fine of $5,000 to $1,000,000, and a period of supervised release of 3 years.  (Docket No. 11, ¶¶ 7-11.)

Included in the plea agreement is Petitioner's acknowledgment that he:

>>knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2), and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II ¶9, above, notwithstanding the manner in which the Court determines the sentence.

(Docket No. 24, ¶ 16).

On April 12, 2006, this Court sentenced Petitioner to a 33-month term of imprisonment and a 3-year term of supervised release, and declined to impose a fine. The Clerk of the Court filed the sentencing judgment on April 17, 2006. Petitioner did not appeal his conviction or sentence.

On April 13, 2007, Petitioner filed the instant Motion to Correct his Sentence pursuant to 28 U.S.C. § 2255. (Docket No. 34). The Government filed an Answer and Memorandum of Law on June 22, 2007. (Docket Nos. 41-42). Petitioner filed a reply on August 21, 2007. (Docket No. 46).

### III.  DISCUSSION

**A.     Standard of Review**

Title twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

>>A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.' " Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).

**B.    Petitioner's Claims**

In his motion, Petitioner requests that this Court reduce his sentence on two grounds: (1) that his right to Due Process was violated by the failure to promptly prosecute his case; and (2) that the plea agreement violated his Fifth Amendment right against self-incrimination by requiring that he plead guilty to another charge in another jurisdiction without the benefit of a plea agreement.  (Donovan's Petition ("Petition"), Docket No. 34, pp. 2-4).  In response, the Government argues that Petitioner's motion must be denied because (1) Petitioner has waived his right to collaterally attack his sentence; (2) Petitioner's claims are procedurally barred by his failure to make these claims on direct appeal; and (3) the computation of time served is a function delegated exclusively to the Bureau of Prisons.  (Government's Memorandum in Opposition, ("Government's Mem."), Docket No. 42, pp. 2-6).

**1.    Petitioner's Waiver of Rights**

It is well-settled that federal prisoners may not use § 2255 as a substitute for a direct appeal.  United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998); see also Reed v.

Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."). This is particularly true in cases where, as here, the petitioner was convicted pursuant to a guilty plea. Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998) (noting that "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas") (quoting United States v. Timmreck, 441 U.S. 780, 784, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979)).

Moreover, Petitioner's waiver of his right to appeal or collaterally attack his sentence if it fell within the agreed-upon Guideline range, which it did, must be given effect. It is well-settled in the Second Circuit that an individual's knowing and voluntary waiver of his right to appeal a sentence imposed within an agreed-upon Guideline range is enforceable. See, e.g., United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001) (per curiam); United States v. Djelevic, 161 F.3d 104, 106 (2d Cir.1998) (per curiam).

However, the Second Circuit has carved out an exception to the enforceability of the appeal waiver, holding that the waiver does not apply when a defendant claims that he received ineffective assistance from his counsel in entering into the plea agreement. See Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195-96 (2d Cir. 2002); Hernandez, 242 F.3d at 113-14; Djelevic, 161 F.3d at 107.

In the present case, Petitioner does not argue that his guilty plea was unknowingly or involuntarily entered, nor does he assert that he received ineffective assistance of counsel. As previously discussed, Petitioner received a sentence that fell within the Guideline range contemplated in his plea agreement. Under the terms of that agreement, Petitioner forfeited his right to appeal or collaterally attack a sentence that fell within the

agreed-upon range.  As such, this Court finds that the waiver provision in Petitioner's plea agreement must be given effect to bar consideration of Petitioner's sentencing claims.

### 2. Petitioner's Claims

Even if the plea agreement could be construed to permit Petitioner's challenge and this Court were to consider Petitioner's claims, it finds that they are meritless.

Petitioner first contends that the Government's delay in indicting his case deprived him of the right to due process and a prompt prosecution. (Petition, pp. 2-3).  Petitioner contends that this delay entitles him to a 10-month reduction of his sentence. (Petition, p. 6).  The Government responds, and the record supports, that Petitioner was in custody on other charges at the time the Complaint was filed.  (Answer, Docket No. 41, p. 3). Petitioner has failed to show that he was prejudiced by any delay, or that this delay would correspond to a 10-month reduction of his sentence.  Accordingly, Petitioner's request for a sentence reduction on the basis of pre-indictment delays must be denied.

Petitioner's second contention is that the plea agreement violated his Fifth Amendment right against self-incrimination by requiring him to plead guilty to another charge, in another jurisdiction, without the benefit of a plea agreement. (Petition, pp. 3-4). Here, Petitioner's claim is contradicted by the plea agreement, which contains no reference to pending charges in other districts. (Plea Agreement, Docket No. 24).  Petitioner argues that in an earlier draft of the plea—which Petitioner has included with his Petition—the Government included language in the factual basis statement relating to drug sales in Louisiana. (Petition, Attachment, p. 13). Petitioner concedes, however, that in the final version of the plea agreement,  this language was removed at his request. (Petition, pp. 3-4).  Petitioner's request for a reduction of his sentence on the basis that the plea agreement violated his right to self incrimination must therefore be denied.

**C.     Petitioner's Motion for Discovery**

Petitioner has filed a Motion for Discovery (Docket No. 40) relative to his Motion to Correct his Sentence.  Petitioner specifically asks that this Court permit him to conduct discovery of the United States Attorney's Office to determine why his case was allegedly delayed in prosecution.  (Motion for Discovery, Docket No. 40).  The Government opposes this Motion and argues that Petitioner has shown no grounds for a reduction in sentence that would warrant conducting discovery.  (Government's Response, Docket No. 45).

This Court finds that because Petitioner waived his right to collaterally attack his sentence, and has failed to show any grounds that would merit a reduction in his sentence, there is no basis to justify discovery on the issue of an alleged delay in prosecution of Petitioner's case.  Accordingly, Petitioner's Motion for Discovery is denied.

**D.     Certificate of Appealability**

For a certificate of appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).  To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . .  the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations omitted).  Petitioner has made no such substantial showing of the denial of a constitutional right in this case.  Accordingly, a Certificate of Appealability is denied.

**IV.  CONCLUSION**

For the reasons stated above, Petitioner's Motion to Correct his Sentence is denied. If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United

States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

### V.  ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Correct his Sentence pursuant to 28 U.S.C. § 2255 (Docket No. 34) is DENIED.

FURTHER, that Petitioner's Motion for Discovery (Docket No. 40) is DENIED.

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED.

FURTHER, it is hereby certified that any appeal taken *in forma pauperis* would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

FURTHER, that the Clerk of the Court is directed to close both 07-CV-253 and 05-CR-194.

SO ORDERED.

Dated:   March 9, 2008
             Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge